IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NAOMI LYNN HALE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | CV 21-53-H-JTJ<br><br><br>**MEMORANDUM<br>AND ORDER** |

## INTRODUCTION

Plaintiff Naomi Lynn Hale (Hale) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying her application for disability benefits and supplemental security insurance benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Hale resides in Helena, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have consented to have the undersigned conduct all

proceedings in this matter and enter judgment. (Doc. 10).

## BACKGROUND

Hale is 47 years old. (Doc. 8 at 32). Hale has a high school education. *Id.* Hale has past work experience as a receptionist, optician apprentice, cashier supervisor, grocery bagger, and cashier. (Doc. 8 at 31). Hale filed her application for Social Security disability benefits and supplemental security income benefits on May 21, 2019, and May 29, 2019, respectively. (Doc. 8 at 208, 215). Hale alleged that she became disabled on March 2, 2015. (Doc. 8 at 15). Hale alleged that she became disabled due to degenerative disc disease; back, neck, hand, wrist, arm, knee and ankle problems; depression; migraines; and sleep apnea. (Doc. 8 at 245). Hale was last insured on September 30, 2020. (Doc. 8 at 17). Hale must therefore show that she was disabled during the 5 1/2-year period from March 2, 2015 through September 30, 2020.

An Administrative law judge (ALJ) conducted a hearing on Hale's application for social security benefits on January 12, 2021. (Doc. 8 at 41). The ALJ issued her decision on March 19, 2021. (Doc. 8 at 33). The ALJ found that Hale had the following severe impairments: cervical degenerative disc disease, thoracic degenerative disc disease, lumbar degenerative disc disease, carpal tunnel syndrome, osteoarthritis of the bilateral knees, status post bilateral knee total

Case 6:21-cv-00053-JTJ   Document 18   Filed 10/25/22   Page 3 of 20

arthroplasty, mild osteoarthritis of the bilateral hips, trochanteric bursitis of the left hip, and obesity. (Doc. 8 at 18). The ALJ determined that Hale was not disabled at any time between March 2, 2015 and September 30, 2020. (Doc. 8 at 16). The ALJ determined that Hale was not disabled because Hale possessed the residual functional capacity (RFC) to perform her past relevant work as an optician apprentice, and other jobs that existed in significant numbers in the national economy. (Doc. 8 at 32-33).

Hale requested that the Appeals Council review the ALJ's decision. The Appeals Council denied Hale's request for review. (Doc. 8 at 1). The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Hale filed the present appeal on July 22, 2021. (Doc. 2). The matter has been fully briefed. (Docs. 12, 15, 16). The Court is prepared to rule.

## **STANDARD OF REVIEW**

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## **BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. *Id.* The five steps of the inquiry are:

4

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the Listing of Impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof under steps one through four. *Id.* The Commissioner bears the burden of proof under step five. *Id.*

A. **ALJ's determination**

The ALJ followed the 5-step evaluation process in evaluating Hale's claim. At step 1, the ALJ determined that Hale had not engaged in substantial gainful activity since March 2, 2015. (Doc. 8 at 17).

5

At step 2, the ALJ determined that Hale had the following severe impairments: cervical degenerative disc disease, thoracic degenerative disc disease, lumbar degenerative disc disease, carpal tunnel syndrome, osteoarthritis of the bilateral knees, status post bilateral knee total arthroplasty, mild osteoarthritis of the bilateral hips, trochanteric bursitis of the left hip, and obesity. (Doc. 8 at 18). The ALJ determined that Hale had the following non-severe impairments: obstructive sleep apnea, hypertension, hyperlipidemia, bowel incontinence, urinary incontinence, headaches, erosion of the first metatarsal head, plantar fasciitis, left foot neuroma, peroneal nerve entrapment of the left foot, bilateral hallux paresthesia, right ankle strain, left epicondylitis, and depression. (Doc. 8 at 18-19).

At step 3, the ALJ found that Hale did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 8 at 21).

Before considering step 4, the ALJ determined Hale's RFC. The ALJ determined that Hale possessed the RFC to perform light work subject to the following limitations: Hale can lift, carry, push and pull 10 pounds frequently and 20 pounds occasionally. Hale can walk and stand for about 6 hours in an 8-hour

workday, with normal work breaks.[1] Hale can sit for about 6 hours in an 8-hour workday, with normal work breaks. Hale must change positions every 30 to 60 minutes for a few minutes at a time while staying on task. Hale can frequently handle and finger with the bilateral upper extremities. Hale can occasionally climb ramps and stairs. Hale can occasionally climb ladders, ropes and scaffolds. Hale can balance frequently. Hale can occasionally stoop, kneel, crouch and crawl. Hale must avoid concentrated exposure to extreme cold, extreme heat, wetness, vibrations, fumes, odors, dusts, gases, poor ventilation, and work place hazards such as: slippery surfaces, rough surfaces, dangerous machinery, and unprotected heights. Hale can understand, remember, and carry out simple, detailed and complex tasks. Hale can maintain attention, concentration, persistence, and pace for such tasks during 8-hour workdays and 40-hour work weeks. Hale can tolerate interactions with supervisors, coworkers and members of the public. Hale can tolerate usual work situations and changes in the routine work setting. (Doc. 8 at 23-24).

At step 4, the ALJ determined that Hale was able to perform her past relevant work as an optician apprentice. (Doc. 8 at 32).

---

[1] Normal work breaks are defined as breaks occurring every 2 hours, with two breaks lasting 10 minutes and one lasting at least 30 minutes. (Doc. 8 at 23).

At step 5, the ALJ determined that Hale was able to perform jobs that existed in significant numbers in the national economy such as: mail clerk, office helper, and ticket taker. (Doc. 8 at 32-33). Based on these findings, the ALJ determined that Hale was not disabled at any time from March 2, 2015 through September 30, 2020. (Doc. 8 at 33).

## **CONTENTIONS**

### A. Hale's Contentions

Hale argues that the Court should reverse the Commissioner's decision and remand the case for further proceedings. (Doc. 12 at 24-25). Hale argues that the Commissioner's decision should be reversed for the following two reasons:

1. The ALJ erred at step 2 when she concluded that Hale's migraine headaches, depression, and urinary incontinence were non-severe impairments; and

2. The ALJ erred when she discounted the opinions of nurse practitioner Charlene Lewis, physical therapist Sherri Gomes, and treating physician Dr. Jessica Bailey, M.D.

(Doc. 12 at 1-2).

### B. Commissioner's Contentions

The Commissioner argues that the Court should affirm the ALJ's decision because the ALJ's decision was based on substantial evidence and was free of legal error.

## DISCUSSION

### A. Migraine Headaches, Depression, and Urinary Incontinence

#### a. Migraine Headaches

Hale began getting migraine headaches in 2015. (Doc. 8 at 1929). The ALJ concluded that Hale's migraine headaches were non-severe because they were controlled with medication and physical therapy. (Doc. 8 at 18).

An ALJ may consider the effectiveness of treatment in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Impairments that can be controlled with medication are not disabling. *Warre v. Commissioner of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Hale reported that her migraine headaches became less frequent with physical therapy, chiropractic treatment, and medication. (Doc. 8 at 1639, 1641, 1676, 1691, 1725, 2495, 2497, 2523, 2543, 2544, 2560). Hale reported that Imitrex stopped the migraine headaches if she took Imirex soon after the headache began. (Doc. 8 at 1693, 2003, 2032, 2357). Substantial evidence supported the ALJ's conclusion that Hale's migraine headaches were not severe. Although Hale disagrees with the ALJ's conclusion that the migraine headaches were not severe, the existence of an alternate interpretation of the evidence, does not show that the ALJ erred. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

### b.   Depression

The ALJ concluded that Hale's depression was non-severe because it did not cause more than a minimal limitation in her ability to perform basic mental work activities. (Doc. 8 at 19). To reach this conclusion, the ALJ considered the following four broad functional areas known as the paragraph B criteria: 1) the ability to understand, remember, and apply information; 2) the ability to interact with others; 3) the ability to concentrate, persist and maintain pace; and 4) the ability to adapt and manage oneself. 20 C.F.R. Part 404, Subpart P, App. 1, §§ 12.00A1b, 12.00E, 12.00F. (Doc. 8 at 19-20). The ALJ also considered Hale's daily activities. The ALJ also considered Hale's psychiatric examinations and the medical findings of psychologists Dr. Marsha McFarland, Ph.D and Dr. Robert Bateen, Ph.D. (Doc. 8 at 19-20). The record shows that Hale's depression was rated as a mild impairment. Mild impairments are properly considered non-severe. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). Substantial evidence supported the ALJ's conclusion that Hale's depression was non-severe.

### c.   Urinary Incontinence

The ALJ found that Hale's urinary incontinence was non-severe because Hale had "denied instances of . . . urinary incontinence to her medical providers

10

during the relevant period." (Doc. 8 at 18).

The record shows that Hale suffered from urinary stress incontinence prior to the relevant period. (Doc. 8 at 836, 924). However, Hale denied any urinary incontinence or bladder dysfunction at most of her medical appointments during the relevant period. (Doc. 8 at 786, 790, 808, 820, 838, 920, 1101, 1103, 1105, 1542, 1611, 1630, 1649, 1697, 1867, 1916, 2457, 2486, 2564, 2800). Although Hale did report some urinary incontinence during the relevant period, the record contains no evidence that Hale's urinary incontinence caused work-related limitations that should have been included in the ALJ's RFC assessment. Substantial evidence supported the ALJ's conclusion that Hale's urinary incontinence was not severe.

**B.  Opinions of Hale's Health Care Providers**

Hale argues that the ALJ erred when the ALJ discounted the opinions of nurse practitioner Charlene Lewis, physical therapist Sherri Gomes, and treating physician Dr. Jessica Bailey, M.D.

Hale filed her applications for disability and supplemental security income benefits after March 27, 2017. (Doc. 8 at 208, 215). The ALJ was therefore required to apply the new regulations when she evaluated medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg.

11

5844-01 (Jan. 18, 2017). The new regulations require an ALJ to consider and evaluate the persuasiveness of all medical opinions based on the following factors:

1. The supportability of the opinion;

2. The consistency of the opinion;

3. The medical source's relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of examinations);

4. The medical source's specialization;

5. The medical source's familiarity with other evidence in the record; and

6. The medical source's familiarity with the social security disability program requirements.

20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(a), (b)(2). The ALJ's duty to articulate a rationale for each factor varies. 20 C.F.R. § 404.1520c(a)-(b).

Supportability and consistency are the two most important factors. An ALJ must therefore consider and discuss the supportability factor and the consistency factor in every case. 20 C.F.R. § 404.1520c(b)(2). The supportability factor looks inward at the medical evidence presented in support of the medical opinion. A medical opinion that is supported by significant relevant medical evidence is more persuasive. Conversely, a medical opinion that is not supported by relevant medical evidence is less persuasive. 20 C.F.R. § 404.1520c(c)(1).

12

The consistency factor, on the other hand, looks outward. The consistency factor compares the medical opinion to other medical and non-medical evidence in the record. A medical opinion that is consistent with the other medical and non-medical evidence in the record is more persuasive. 20 C.F.R. § 404.1520c(c)(2). Conversely, a medical opinion that is not consistent with the other medical and non-medical evidence in the record is less persuasive. *Id.* The ALJ must explain how "persuasive" she found each medical opinion to be based on the consistency and supportability factors, and the ALJ must support her reasoning with substantial evidence. *Machelle H. v. Kijakazi*, 2021 WL 4342313, at *7 (D. Idaho Sept. 22, 2021).

The ALJ was not required to discuss the other factors in this case. An ALJ is required to consider the other factors only if she is presented with two contradictory but equally persuasive medical opinions on the same issue. 20 C.F.R. §§ 404.1520c(b)(2)-(3); 416.920c(b)(2)-(3).

a. **Charlene Lewis's Opinions**

Charlene Lewis is a nurse practitioner. Ms. Lewis first examined Hale on August 17, 2017, for an occupational assessment. (Doc. 8 at 1718). Ms. Lewis began treating Hale for chronic back, neck and knee pain on September 12, 2017. (Doc. 8 at 1707). Ms. Lewis provided medical treatment to Hale through June

13

2019. (Doc. 8 at 1572-1573, 1575-1576, 1589, 1592, 1608-1609, 1611-1612, 1619-1620, 1622, 1624-1625, 1627-1628, 1632, 1644-1645, 1647-1648, 1661, 1664-1665, 1707, 1710-1711,1718, 1722).

Ms. Lewis assessed Hale's physical functioning on June 11, 2019. (Doc. 8 at 1562-1563). Ms. Lewis filled-out a Physical Assessment form. *Id.* Ms. Lewis stated that Hale would need to take unscheduled 15 minute breaks from work every 1 to 2 hours. (Doc. 8 at 1562). Ms. Lewis also stated that Hale would need to avoid repetitive use of her hands, and that Hale's impairments would cause Hale to be absent from work 3 to 4 times per month. *Id.*

The ALJ discounted Ms. Lewis's opinions. The ALJ stated that she found Ms. Lewis's opinions unpersuasive because the opinions were "not consistent with the many normal physical examination findings in the record," and were not consistent with Hale's "many activities of daily living." (Doc. 8 at 30).

The ALJ failed to properly apply the supportability factor to Ms. Lewis's opinions. The ALJ failed to explain why Ms. Lewis's opinions were inconsistent with Ms. Lewis's own treatment notes. The ALJ's failure to support her reasoning with substantial evidence was legal error. *Belinda K. v. Kijakazi*, 2022 WL 123257, *8 (D. Mont. Jan. 13, 2022) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

14

The ALJ also failed to apply the consistency factor to Ms. Lewis's opinions. The ALJ made no attempt to explain why Ms. Lewis's opinions were inconsistent with the other medical evidence in the record, and inconsistent with Hale's daily activities. The ALJ rejected Ms. Lewis's opinions without citing any inconsistent evidence in the record. The ALJ's failure to support her reasoning with substantial evidence was legal error. *Belinda K.*, 2022 WL 123257 at *8. The ALJ's errors were not harmless. The vocational expert testified that Hale would not be able to sustain employment if Hale was "off task at least 20 percent of an 8-hour work day and a 40-hour work week." (Doc. 8 at 68-69).

### b.   Sherri Gomes's Opinions

Sherri Gomes is a physical therapist. Ms. Gomes provided physical therapy treatment to Hale for neck, back, knee and arm pain from January 13, 2016 through early 2017. (Doc. 8 at 1140-1342). Ms. Gomes drafted a letter to the Department of Public Health and Human Services on June 21, 2019. (Doc. 8 at 1141). Ms. Gomes explained that she had provided physical therapy service to Hale beginning in 2016 but that she had not seen Hale since early 2017. *Id.* Ms. Gomes stated that upon discharge in 2017, Hale had knee flexion limitations that impacted her ability to bend her knees for tasks like climbing stairs and moving from a seated position to a standing position. *Id.* Ms. Gomes stated that Hale

could only tolerate minimal work hours if the work involved repeated stresses and prolonged posturing. *Id.*

The ALJ discounted Ms. Gomes's opinion. The ALJ stated that she discounted Ms. Gomes's opinion because it was "vague and conclusory" and was not supported by "specific function-by-function physical limitations in a work setting." (Doc. 8 at 30).

The ALJ failed to properly apply the supportability factor and the consistency factor to Ms. Gomes's opinions. The ALJ failed to explain why Ms. Gomes's opinions were not supported by her own treatment notes. The ALJ also failed to explain why Ms. Gomes's opinion were inconsistent with the other medical and non-medical evidence in the record.

The ALJ's error did not result in any harm, however. An error is harmful only if it results in prejudice to the claimant. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). The ALJ's failure to properly evaluate Gomes's opinions did not result in prejudice to Hale because the ALJ's RFC assessment was consistent with Gomes's opinions. Gomes opined that Hale had difficulty climbing stairs. (Doc. 8 at 1441). The ALJ's RFC assessment stated that Hale could only climb stairs occasionally. (Doc. 8 at 23). Gomes opined that Hale could only work minimal hours if the work required prolonged postures as

16

"prolonged postures" aggravated Hale's symptoms. (Doc. 8 at 1441). The ALJ's RFC assessment allowed Gomes to change positions every 30 to 60 minutes for a few minutes at a time. (Doc. 8 at 1441).

### c. Dr. Jessica Bailey's Opinions

Dr. Jessica Bailey is one of Hale's treating physicians. Dr. Bailey offered the following two opinions relating to Hale. First, Dr. Bailey opined on March 2, 2016, that "prolonged sitting in one position had been hard on [Hale] and [Hale] may need to limit her time at [sitting]." (Doc. 8 at 1925). Second, Dr. Bailey opined on March 8, 2016, that Hale was "not able to work in any capacity at [that] time." (Doc. 8 at 1805). The ALJ did not discuss either of these opinions in her decision. Hale argues that the ALJ's failure to discuss these opinions constituted legal error.

An ALJ must discuss statements by a medical source that qualify as "medical opinions." 20 C.F.R. § 404.1520c. Medical opinions are statements from a medical source describing the impairments that limit or restrict a claimant's ability to perform work activities, and statements about what a claimant can still do despite his or her impairments. 20 C.F.R. §404.1513(a)(2).

On the other hand, an ALJ is not required to address statements by a medical source that do not qualify as medical opinions. 20 C.F.R.

17

§ 404.1520b(c)(3)(i). Statements by a medical source as to whether a claimant is able to work or is disabled do not qualify as medical opinions under 20 C.F.R. §404.1513(a)(2).

Here, Dr. Bailey's statement that Hale was unable to work in any capacity on March 8, 2016, does not assess any specific work-related function and therefore does qualify as a medical opinion under 20 C.F.R. §404.1513(a)(2). The ALJ was therefore not required to articulate how persuasive she considered the statement to be, or otherwise address the statement in her decision. 20 C.F.R. § 404.1520b(c)(3)(i).

However, the ALJ erred by failing to address Dr. Bailey's statement that "prolonged sitting in one position had been hard on [Hale] and [Hale] may need to limit her time at [sitting]." (Doc. 8 at 1925). This statement by Dr. Bailey is a medical opinion. The statement addresses Hale's ability to perform the physical demands of work activities. The ALJ was therefore required to address the statement in her decision. 20 C.F.R. §404.1513(a)(2). The ALJ's failure to discuss the opinion constituted legal error.

The ALJ's error was not harmless. An error is harmless only if it causes no prejudice to the claimant. *Stout v. Commissioner of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's RFC assessment stated that Hale was

18

capable of sitting for "6 hours in an 8-hour workday, with normal breaks." (Doc. 8 at 23). Had the ALJ addressed Dr. Bailey's opinion regarding Hale's inability to sit for prolonged periods of time, it could have affected the ALJ's RFC assessment, the hypotheticals that the ALJ posed to the vocational expert, and the ALJ's ultimate disability determination.

## REMEDY

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an award of benefits is appropriate only where there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ had properly considered all of the evidence in the record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016).

Here, there are outstanding issues to be resolved. It is not clear whether Hale is disabled. Remand for further proceedings is appropriate. On remand, the ALJ should re-evaluate the persuasiveness of Charlene Lewis's opinions. The ALJ should properly apply both the supportability and the consistency factors, as required under 20 C.F.R. § 404.1520c(b)(2). The ALJ should also address Dr. Bailey's opinion regarding Hale's inability to sit in one position for a

prolonged period of time.

Accordingly, IT IS HEREBY ORDERED:

1. The Commissioner's decision to deny Hale's claim for disability and supplemental income benefits is REVERSED and REMANDED for further proceedings.

2. The Clerk is directed to enter judgment accordingly.

DATED this 25th day of October, 2022.

John Johnston
United States Magistrate Judge